54 CCPA

**KRISTINUS GESELLSCHAFT, mit Be-schrankter Haftung, Appellant,**

v.

**MURRAY, SONS & CO., Limited, Appellee.**

**Patent Appeal No. 7729.**

United States Court of Customs and Patent Appeals.

Jan. 12, 1967.

———◆———

Gustav Drews, New York City, for appellant.

Edmund Dill Scotti, New York City, Russell L. Law, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is a companion case to PA 7728, 370 F.2d 581, between the same parties and decided concurrently by us today. In this case, Kristinus Gesellschaft appeals from the decision of the Trademark Trial and Appeal Board which sustained appellee's opposition to appellant's application [1] to register "PEER EXPORT" [2] for use on "cigars, cigarillos, cigars without wrappers, cigarettes, all goods filter-tipped; cigarette paper incorporated into the cigarette." Appellee's opposition is based on its prior use and registration of the mark "PEERAGE" [3] for smoking tobacco and cigarettes.

The board found confusion or mistake is reasonably likely to occur and stated:

Applicant's mark consists of the unitary term "PEER EXPORT", but considering the obvious character of the term "EXPORT" as applied to cigarettes or to anything that is exported, it is reasonable to assume that the term "PEER" is the significant feature of applicant's mark and is that portion by which applicant's goods would be recognized and identified in trade. "PEER" and "PEERAGE" are defined in Webster's New Third International Dictionary (unabridged, 1961), inter alia, as "a member of the five ranks of the British peerage" and "the rank or dignity of a peer", respectively. It is apparent from the foregoing that these terms possess a similar significance, and considering that they are also similar in appearance and sound, it is concluded that the resemblances between them is such that as applied to the competitive goods here involved, confusion, mistake or deception is reasonably likely to occur.

Before us, the appellant argues that there is no likelihood of confusion, basing its contention largely upon the fact that it has not disclaimed the word "EXPORT" as a part of the mark and that, in any event, "EXPORT" is so important a

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 119,704, filed May 10, 1961.
2. The word "EXPORT" is disclaimed by

the appellant apart from the mark as shown.

3. Reg. No. 529,445, issued Aug. 22, 1950, affidavit under section 8 accepted and affidavit under section 15 received.

**584**

part of the mark that it cannot be disregarded and, hence, that "PEER EXPORT" as an entire trademark cannot be considered similar to "PEERAGE". It further contends that there was a lack of proof of the prior use and ownership of the mark "PEERAGE" by the appellee. All of these contentions were raised before the board and satisfactorily disposed of by it. Detailed discussion of the appellant's arguments is unnecessary.

The decision is affirmed.

Affirmed.